# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2021

Lyle W. Cayce
Clerk

No. 20-10408

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERROL DEBAUN TRAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-cr-270-1

ON REMAND FROM THE SUPREME COURT

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Terrol Travis was sentenced under the Armed Career Criminal Act. That law applies to felons unlawfully possessing firearms who have three convictions that count as a "violent felony" or "serious drug offense." 18

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10408

U.S.C. § 924(e). We summarily affirmed the judgment, treating as qualifying offenses Travis's two Texas convictions for possession with intent to deliver cocaine and a Texas conviction for aggravated assault with a deadly weapon. 830 F. App'x 444 (5th Cir. 2020). Travis argued that the aggravated assault conviction was not a "violent felony" because that offense can be committed with a *mens rea* of recklessness and does not require the use, attempted use, or threatened us of force. Travis recognized, however, that our precedent foreclosed this argument, *See United States v. Torres*, 923 F.3d 425–26 (5th Cir. 2019), as well as his claim that the drug convictions were not "serious drug offenses."

Seeking to overrule that precedent, Travis filed a petition for certiorari raising two questions. Sup. Ct. No. 20-7974. The first related to the classification of his drug convictions. The second asked whether his aggravated assault conviction qualified as a "violent felony" even though it required only a reckless mental state. *Id.* While Travis's petition was pending, the Supreme Court answered the second question in *Borden v. United States*, 141 S. Ct. 1817 (2021). *Borden* held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under" the Armed Career Criminal Act. *Id.* at 1834. Citing *Borden*, the Supreme Court later granted Travis's petition and remanded the case to our court for reconsideration. *See* 142 S. Ct. 58 (Oct. 4, 2021).

It turns out, however, that application of the Armed Career Criminal Act does not depend on Travis's aggravated assault conviction. Recall he has the two drug offenses. While Travis continues to argue that our precedent is incorrect in classifying those as "serious drug offenses," he recognizes that *Borden* does not undermine our precedent on this issue. *See United States v. Vickers*, 540 F.3d 356, 366 (5th Cir. 2008) (holding that the Texas offense of delivering a controlled substance by offering for sale qualifies as a "serious drug offense"). He thus has two convictions for "serious drug offenses."

No. 20-10408

Travis's third qualifying conviction is one we did not mention in our earlier ruling but that the district court relied on at sentencing: a 2002 Texas arson conviction. Arson is an enumerated "violent felony" under the Armed Career Criminal Act. *See* 28 U.S.C. § 924(e)(2)(B)(ii); *see also United States v. Velez-Alderete*, 569 F.3d 541, 546 (5th Cir. 2009) (recognizing for purposes of a Sentencing Guidelines provision that the "Texas arson statute falls under the generic, contemporary meaning of arson"). As Travis again concedes, *Borden* does not affect the classification of the arson conviction.

Consequently, even disregarding the aggravated assault conviction, Travis has three convictions that qualify as Armed Career Criminal Act predicates. Therefore, the judgment is AFFIRMED.